Judge Mills
delivered the Opinion of the Court.
Hoby filed bis bill against Sharp as the assignor of a note, and Darnall as the obligee and assignor, to be relieved against a judgment for fifty dollars; alleges that the note on which the judgment was founded, was executed for fifty dollars in paper of the bank of the Commonwealth, loaned to him by Darnall, and that it was to be restored in paper, which, when the note became due as well as when the money was lent, was only worth half as much as gold and silver coin; but through mistake, the note was written for dollars, omitting the kind of currency, in which it was to be repaid, and he. prays that the note may be reduced to its proper value.
Sharp denies any knowledge of the mistake or consideration of the note.
Darnall admits the note was given for a loan of paper of the bank of the Commonwealth, which was then as fifty-five of specie, to one hundred of the paper, hut denies any mistake in drafting the note, and alleges that the loan was to be restored in specie.
The court tried the cause on the bill and answers, and dissolved the injunction, and dismissed the bill with costs, as to both defendants.
As the answer of Darnall was no evidence against Sharp, the court did not err in dismissing the bill as to him.
Injunction obtained by assignee against the judgment, dissolved; but d'ecree against obli-gee who confessed the matter of the bill.
Triplett, for plaintiff.
But whether the original transaction is to be taken as stated by Roby in his bill, or Darnale in his answer, it is evident the court ought to have given relief as to him. For if there was a mistake in the note, as the complainant states, then the note ought toj have been corrected, and if there was no mistake, and the note was given for the restoration of the loan in specie, while the paper was so greatly depreciated, then the transaction was usurious.
As the mistake is denied and not proved, the transaction must be taken as admitted by Darnale, and that the note is usurious we cannot doubt. An act against usury embraces loans of money or property, and if a depreciated medium is loaned, and the loan is to be paid in a medium more valuable than the increase of a legal rate of interest, then. a greater interest is reserved than the law permits, especially if there is a lending and borrowing as the ob-ligee here admits, and the matter generally rests on the enquiry, whether the trausaction is a loan.
The decree, therefore, as to Sharp, must be affirmed with costs. But as to Darnale, the decree must be reversed with- costs, and the cause remanded with directions, that a decree be entered against him for the difference between the real specie value of the money when loaned, with interest at the legal rate, and* the nominal amount of the demand recovered by Sharp.